IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD LANCE TAYLOR, | § | |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-062-A |
| UNITED STATES OF AMERICA, | § | (NO. 4:16-CR-132-A) |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Donald Lance Taylor ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On May 18, 2016, movant was named with others in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 215. (The superseding indictment bears a different caption and case number, as explained by the court's May 18, 2016 order. CR Doc. 217.) On July 8, 2016, movant appeared for rearraignment and pleaded guilty without benefit of a plea agreement CR Doc. 373. Movant signed a factual resume setting forth the penalties he faced, the elements of the offense, and stipulated facts that established his guilt. CR Doc. 374. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 1452.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

The PSR indicated that movant's base offense level was 36 and added three two-level enhancements for use of violence, importation from Mexico, and obstruction of justice. CR Doc. 771, ¶¶ 39, 40, 41, & 44. The total offense level was calculated to be 39, giving movant a three-level reduction for acceptance of responsibility. Id., ¶¶ 47-49. This, along with movant's criminal history category of IV, gave movant a guideline imprisonment range of 360 months to life. However, the statutory maximum sentence was 40 years; thus, the guideline range became 360 to 480 months. Id., ¶ 91. Movant objected to the PSR, CR Doc. 1134, and the probation officer accepted some of the objections in an addendum to the PSR. CR Doc. 957. Movant's guideline range did not change. Id.

At the sentencing hearing, movant confirmed that there were no outstanding objections and the court adopted the PSR's findings and conclusions as modified by the addendum and the court's ruling on the government's motion for downward departure. CR Doc. 1453 at 4-5. The court determined that movant had provided substantial assistance to the government and that he would be eligible for a sentence below the bottom of the advisory guideline range. Id. at 23. The court gave movant a significant reduction, more than normally given, sentencing movant to a term

3

of imprisonment of 280 months. Id. at 34; CR Doc. 1126. Movant did not appeal.

II.

Ground of the Motion

Movant urges one ground in support of his motion. He says that his counsel "was incompetent and provided ineffective assistance." Doc.² 1 at 4.³ Stapled to the motion is an 11-page memorandum, id. at 13-23, and a three-page declaration, id. at 24-26.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

²The "Doc. __" reference is to the number of the item on the docket in this civil action.

³The reference is to the ECF page number, rather than the page number on the printed form movant filed.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A good portion of the memorandum is devoted to a frivolous argument that the court lacked subject matter jurisdiction and

6

that counsel should have raised this issue. Doc. 1 at 13-18. There is no question that movant's acts occurred within this court's jurisdiction. See United States v. Caicedo-Asprilla, 632 F.2d 1161, 1166 (5th Cir. 1980). And, movant committed each of the required elements of the crime with which he was charged. United States v. Crain, 877 F.3d 637, 645 (5th Cir. 2017). The remainder of the memorandum is devoted to conclusory suggestions that movant would not have received as harsh a sentence had his counsel insisted on a hearing as to each of his objections to the presentence report. Movant simply has not alleged facts that would establish that such is the case. For example, movant did not have to know that the drugs were imported from Mexico to be subject to the two-level enhancement for importation. United States v. Serfass, 684 F.3d 548, 551-52 (5th Cir. 2012).

In his declaration, movant alleges that his counsel misrepresented the prison term he was facing. Movant says that he determined through his own research that "the max term of imprisonment was 280 months." Doc. 1 at 24. The contention that movant did not know the maximum penalty he faced is belied by the record. CR Doc. 374. As for the contentions that objections to the guideline enhancements would have been meritorious, movant offers nothing more than conclusory allegations. He has not shown that but for his counsel's conduct, his sentence would have been

7

different. As the court noted as sentencing, movant received a substantial reduction of his sentence. CR Doc. 1453 at 34.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 20, 2018.

_____
JOHN McBRYDE
United States District Judge